**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| THOMAS KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-CV-03391-P |
| | § | |
| SOUTHERN METHODIST UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT SOUTHERN METHODIST UNIVERSITY'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Respectfully submitted,

LOCKE LORD LLP

John H. McElhaney
  Texas Bar No. 13581000
  jhmcel@lockelord.com
Kimberly F. Williams
  Texas Bar No. 24050592
  kwilliams@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR SOUTHERN**
**METHODIST UNIVERSITY**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................1

II.     MOTION TO DISMISS STANDARD....................................................................2

III.    PLAINTIFF'S TITLE IX CLAIMS........................................................................3

      A.      Count I: Before-The-Fact Deliberate Indifference .................................4

            1.     The FAC fails to plausibly allege that SMU had actual knowledge of the alleged prior incident. ..................................................................................4

      B.      Count II: After-The-Fact Deliberate Indifference....................................6

            1.     Plaintiff has not plausibly alleged facts sufficient to support his Title IX claim for after-the-fact deliberate indifference. ...........................................7

                 a.      Because Plaintiff's Title IX claim is based largely on OCR's findings, which is improper, his Title IX claim should be dismissed.................................................................................7

                 b.      Plaintiff's allegations establish SMU reasonably responded to the alleged assault. ...............................................................................8

                 c.      The allegations establish SMU reasonably responded to the alleged ensuing harassment. ..............................................................................9

            2.     Plaintiff's Title IX claims should be dismissed because the FAC fails to allege that SMU's alleged indifference subjected Plaintiff to further harassment based on sex. ........................................................................11

            3.     Plaintiff's Title IX claims should be dismissed because the FAC fails to allege conduct that is severe, pervasive, and objectively offensive..........13

IV.     PLAINTIFF'S NEGLIGENCE CLAIM.........................................................14

V.      CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*A.W. v. Humble Indep. Sch. Dist.*,
   25 F. Supp. 3d 973, 994 (S.D. Tex. 2014) ...................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................3, 5

*Beard v. Yamane*,
   No. 3:14-CV-2828-N BF, 2015 WL 1525076 (N.D. Tex. Feb. 2, 2015) ..........................14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................2, 3, 6

*Bello v. Howard Univ.*,
   898 F. Supp. 2d 213 (D.D.C. 2012) ...............................................................................4

*Bernard v. E. Stroudsburg Univ.*,
   No. 3:09·CV·00525, 2014 WL 1454913 (M.D. Pa. Apr. 14, 2014) .................................13

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995)...........................................................................................3

*Burke v. Prairie View A & M Univ.*,
   No. H–11–1749, 2011 WL 6130923 (S.D. Tex. Dec. 8, 2011)..........................................6

*Butler v. Mountain View Sch. Dist.*,
   No. 3:12-CV-2038, 2013 WL 4520839 (M.D. Pa. Aug. 26, 2013)...................................11

*Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*,
   526 U.S. 629 (1999) .........................................................................4, 7, 9, 11, 13

*Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*,
   220 F.3d 380 (5th Cir. 2000)..........................................................................................7

*Doe v. Round Valley Unified Sch. Dist.*,
   873 F. Supp. 2d 1124 (D. Ariz. 2012)...............................................................11, 12

*Doe v. Univ. of the S.*,
   687 F. Supp. 2d 744 (E.D. Tenn. 2009)........................................................................7, 9

Table of Authorities
(continued)

Page

*Domino v. Tex. Dep't. of Crim. Justice,*
    239 F.3d 752 (5th Cir. 2001) ........................................................................7

*Escuadra v. Geovera Specialty Ins. Co.,*
    739 F. Supp. 2d 967 (E.D. Tex. 2010) ........................................................3

*Frazer v. Temple Univ.,*
    25 F. Supp. 3d 598 (E.D. Pa. 2014) .....................................................11, 13

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.,*
    No. 1:08-CV-1924 AWI SMS, 2009 WL 2982900 (E.D. Cal. Sept. 14, 2009)..................10

*Garcia v. Navasota Indep. Sch. Dist.,*
    No. CIV.A. H-09-3892, 2011 WL 335253 (S.D. Tex. Jan. 31, 2011) ...............10

*Gebser v. Lago Vista Indep. Sch. Dist.,*
    524 U.S. 274 (1998) ...........................................................................7, 8, 9

*Hoffman v. Saginaw Pub. Sch.,*
    No. 12-10354, 2012 WL 2450805 (E.D. Mich. June 27, 2012) .................11, 12

*In re Katrina Canal Breaches Litig.,*
    495 F.3d 191 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008) .....................2

*Irons v. City of Dallas,*
    No. 3:11–CV–1894–B(BF), 2012 WL 1986585 (N.D. Tex. Apr. 4, 2012) .........................6

*Kelly v. Allen Indep. Sch. Dist.,*
    No. 14-40239, 2015 WL 690276 (5th Cir. Feb. 19, 2015) ............................4, 5

*Lycoming Engines v. Superior Air Parts, Inc.,*
    No. 3:13-CV-1162-L, 2014 WL 1976757 (N.D. Tex. May 15, 2014)................4

*Matthews v. Nwankwo,*
    36 F. Supp. 3d 718, 725 (N.D. Miss. 2014) ...................................................7

*Moore v. Murray State Univ.,*
    No. 5:12-CV-00178, 2013 WL 960320 (W.D. Ky. Mar. 12, 2013)..................11

*Pemberton v. W. Feliciana Parish Sch. Bd.,*
    No. CIV.A. 09-30, 2012 WL 443860 (M.D. La. Feb. 10, 2012) .......................10

Table of Authorities
(continued)

Page

*Rosa H. v. San Elizario Indep. Sch. Dist.*,
  106 F.3d 648 (5th Cir. 1997) ........................................................................4

*Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*,
  647 F.3d 156 (5th Cir. 2011) ...................................................................3, 9, 10, 11

*Schroeder v. Wildenthal*,
  Civil Action No. 3:11-CV-0525-B, 2011 WL 6029727 (N.D. Tex. Nov. 30, 2011) ............15

*S.D. ex rel. Davis v. Houston Cnty. Sch. Dist.*,
  No. 5:12-CV-228 MTT, 2013 WL 4505897 (M.D. Ga. Aug. 22, 2013) ............................8

*Valesky v. Roman Archdiocese of Greensburg*,
  No. CIV.A 09-0800, 2009 WL 4810590 (W.D. Pa. Dec. 9, 2009) ....................................4

*Williams v. Bd. of Regents of Univ. Sys. of Georgia*,
  477 F.3d 1282 (11th Cir. 2007) ................................................................11

*Wolfe v. Fayetteville, Ark. Sch. Dist.*,
  648 F.3d 860 (8th Cir. 2011) ...................................................................14

*Young v. City of Houston*,
  599 F. App'x 553 (5th Cir. 2015) ............................................................15

STATE CASES

*Nabors Drilling, U.S.A. Inc. v. Escoto*,
  288 S.W.3d 401 (Tex. 2009) ...................................................................14

*Walker v. Harris*,
  924 S.W.2d 375 (Tex. 1996) ..................................................................14

FEDERAL RULES

Fed. R. Civ. P. 8(a)(2) .............................................................................3

Fed. R. Civ. P. 12(b)(6) .........................................................................1, 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

THOMAS KING,               §
                                  §
            Plaintiff,         §
                                    §
vs.                                 §      CIVIL ACTION NO. 3:14-CV-03391-P
                                    §
SOUTHERN METHODIST UNIVERSITY,    §
                                    §
            Defendant.       §
                                    §

## <u>DEFENDANT SOUTHERN METHODIST UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT</u>

Defendant Southern Methodist University ("SMU") respectfully moves this Court to dismiss Plaintiff's First Amended Original Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  In support of this Motion, SMU respectfully shows the court as follows:

### I.      <u>INTRODUCTION</u>

Plaintiff again fails to allege facts sufficient to state a claim under either Title IX or a state law negligence theory.  As set forth in detail below, Plaintiff's conclusory allegations are insufficient to cure the deficiencies set forth in the Court's prior Order Granting Motion to Dismiss [Dkt. 9] (the "Order").  In the Order, the Court dismissed Plaintiff's Title IX "before-the-fact" deliberate indifference claim and his negligence claim because his Original Complaint did not allege SMU had actual knowledge that John Mahaffey presented a substantial risk to Plaintiff.  Order at 5, 7.  The Court dismissed Plaintiff's Title IX "after-the-fact" deliberate indifference claim because the allegations contained in the Original Complaint established SMU was not deliberately indifferent in responding to Plaintiff's report of assault.  Order at 7.  Furthermore, the Court noted that it could have also dismissed Plaintiff's after-the-fact claim

because Plaintiff did not allege SMU's deliberate indifference caused him to suffer harassment based on sex.[1]  Order at 7.

Plaintiff's First Amended Original Complaint [Dkt. 10] (the "FAC") fails to cure these pleading deficiencies for the following reasons:

(1)     The FAC does not, and cannot, plausibly allege facts showing SMU had actual knowledge of a substantial risk to Plaintiff;

(2)     The FAC establishes, as a matter of law, that SMU's responses to Plaintiff's complaints were not deliberately indifferent;

(3)     Even assuming *arguendo* that SMU's responses were deliberately indifferent, the FAC fails to allege that the responses caused Plaintiff to suffer discrimination based on sex; and

(4)     The FAC fails to allege that the responses caused Plaintiff to suffer severe, pervasive, and objectively offensive harassment.

For these reasons, the Court should dismiss the FAC with prejudice, given that the Court previously provided Plaintiff the opportunity to amend his Original Complaint.

## II.     <u>MOTION TO DISMISS STANDARD</u>

Like the Original Complaint, the FAC should be dismissed because it cannot withstand scrutiny under Federal Rule of Civil Procedure 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations must . . . raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).  While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than

---

[1] The Court did not reach this basis for dismissal, because it dismissed the original after-the-fact claim on the ground that SMU's response to the harassment was not clearly unreasonable.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (naked assertions couched as legal conclusions are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 977 (E.D. Tex. 2010) (noting that "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to show "that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678.

## III.   PLAINTIFF'S TITLE IX CLAIMS

As set forth in its first Motion to Dismiss, to state a Title IX claim against SMU, Plaintiff must allege facts showing (1) SMU had actual knowledge of the alleged harassment, (2) the alleged harasser was under SMU's control, (3) the alleged harassment was based on Plaintiff's sex, (4) the alleged harassment was "so severe, pervasive, and objectively offensive that it effectively bar[red] Plaintiff's access to an educational opportunity or benefit," and (5) SMU was deliberately indifferent to the harassment. *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).

Plaintiff's Title IX claim encompasses two counts: (1) before-the-fact deliberate indifference and (2) after-the-fact deliberate indifference. Plaintiff's before-the-fact deliberate indifference claim fails because Plaintiff does not and cannot plausibly allege that SMU had actual knowledge of any prior alleged assault by Mahaffey. Plaintiff's after-the-fact claims fail

and must be dismissed for the following reasons: (1) Plaintiff does not sufficiently allege facts showing that SMU was deliberately indifferent to the harassment, (2) Plaintiff does not allege any facts showing that the deliberate indifference caused him to be subject to further harassment based on his sex, and (3) Plaintiff does not allege any facts showing that the harassment to which he was allegedly subjected after reporting the alleged assault was sufficiently severe, pervasive, and objectively offensive.

## A.   Count I: Before-The-Fact Deliberate Indifference

### 1.   The FAC fails to plausibly allege that SMU had actual knowledge of the alleged prior incident.

As set forth in SMU's first Motion to Dismiss, Title IX liability is premised on deliberate indifference to "actual knowledge of harassment; constructive notice will not suffice." *Kelly v. Allen Indep. Sch. Dist.*, No. 14-40239, 2015 WL 690276, at *3 (5th Cir. Feb. 19, 2015); *see also*, *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642, (1999) (reaffirming that *Gebser* rejected "*should have* known" standard) (emphasis in original). As the Fifth Circuit has recognized, this is because "Congress did not enact Title IX in order to burden federally funded educational institutions with open-ended negligence liability." *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 656 (5th Cir. 1997).

At the motion to dismiss stage, the bare allegation of an element of Plaintiff's claim does not pass muster without a description of the actual conduct giving rise to the cause of action. *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:13-CV-1162-L, 2014 WL 1976757, at *8 (N.D. Tex. May 15, 2014); *see also*, *Bello v. Howard Univ.*, 898 F. Supp. 2d 213, 222 (D.D.C. 2012) (dismissing Title IX complaint where allegations were unsupported by any detail as to how defendant was on notice of harasser's tendencies); *Valesky v. Roman Archdiocese of Greensburg*, No. CIV.A 09-0800, 2009 WL 4810590, at *2 (W.D. Pa. Dec. 9, 2009) (dismissing

Title IX complaint for failure to state claim where complaint contained only conclusory allegations of actual knowledge).

The Court noted in its prior Order that, despite alleging in his Original Complaint that the alleged assault occurred during an SMU sponsored trip under the control of SMU and that SMU had knowledge, such allegations were insufficient because the Original Complaint lacked allegations regarding <u>when</u> SMU gained knowledge of the incident.   Order at 4.   Plaintiff attempts to correct the Original Complaint's deficient before-the-fact claim by making the vague and conclusory assertions that (1) SMU employee Rose Torres was present on the trip, and (2) she had actual knowledge of Mahaffey's alleged prior sexual assault "either during the trip as [it] occurred, or shortly thereafter, but well in advance of Mahaffey's attack on Plaintiff."   FAC ¶¶ 3.9, 4.27.

These statements offer nothing more than Plaintiff alleged in his Original Complaint: a conclusory allegation that the alleged prior incident happened before the fact.   This is insufficient to survive a motion to dismiss, because Plaintiff fails to identify how or when SMU gained actual knowledge.   Order at 4-5.   Indeed, Plaintiff does not allege (nor can he allege) that Ms. Torres witnessed the alleged prior assault, that the alleged prior assault was reported to her, that the alleged prior assault was reported to any other third party, or any other facts setting forth how Ms. Torres may have come to know of the alleged prior assault.   Because he alleges no specific facts evidencing how Ms. Torres allegedly knew of the attempted assault, Plaintiff asks this Court to make an inference that, because Ms. Torres was on the trip, she must have somehow known about the alleged attempted assault.   This is an inference not entitled to the presumption of truth.   *Iqbal*, 556 U.S. at 678; *see also, Kelly*, 2015 WL 690276, at n.3 (5th Cir. Feb. 19, 2015) (contrasting "low threshold" for proving control over student with "high bar" of proving actual

knowledge of substantial risk of harassment).  Indeed, some factual assertion of "how" is needed to push the allegation of actual knowledge across the line from possible to plausible.  *Twombly*, 550 U.S. at 557; *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 994 (S.D. Tex. 2014) (dismissing Title IX complaint in absence of allegations capable of proving school official observed or could otherwise have known of sexual conduct).

Even more, Plaintiff's allegation, which is factually insufficient on its face, is admittedly based only on Plaintiff's "information and belief."  FAC ¶¶ 3.9, 4.27.  As SMU argued in its Reply to Plaintiff's Response to its Motion to Dismiss (Dkt. 8), dismissal for failure to state a claim is warranted where Plaintiff pleads an essential element of his claim based "upon information and belief" with no supporting facts.  *See Burke v. Prairie View A & M Univ.*, No. H–11–1749, 2011 WL 6130923, at *3 (S.D. Tex. Dec. 8, 2011) (dismissal for failure to state claim where plaintiff pleaded prima facie factual element based only upon her "information and belief").  Plaintiff's "allegations based 'upon information and belief' are not sufficient because [Plaintiff is] required to allege facts, not suppositions." *Irons v. City of Dallas*, No. 3:11–CV–1894–B(BF), 2012 WL 1986585, at *4 (N.D. Tex. Apr. 4, 2012) report and recommendation adopted, 2012 WL 1992113 (N.D. Tex. June 4, 2012).  The Court should, therefore, dismiss Plaintiff's before-the-fact Title IX claim because it does not plausibly allege actual knowledge.

**B.      Count II: After-The-Fact Deliberate Indifference**

Likewise, Plaintiff's after-the-fact deliberate indifference claim should be dismissed for failure to state a claim.  As discussed below, Plaintiff's after-the-fact claim fails because: (1) the FAC establishes that SMU's responses to the alleged assault and alleged ensuing harassment were reasonable, (2) Plaintiff fails to allege that he was subjected to the alleged ensuing harassment "based on sex," and (3) Plaintiff fails to allege that any ensuing harassment was sufficiently severe, pervasive, and objectively offensive.

1.    <u>Plaintiff has not plausibly alleged facts sufficient to support his Title IX claim for after-the-fact deliberate indifference.</u>

Plaintiff can only meet the deliberate indifference standard by alleging that SMU's response to known harassment was so clearly unreasonable that it amounted to "an official decision . . . not to remedy the violation." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000).  It is "an extremely high standard to meet," and it can be discerned as a matter of law on a motion to dismiss.  *Domino v. Tex. Dep't. of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Davis*, 526 U.S. at 649.  Plaintiff has no claim for relief under Title IX unless SMU's response to Plaintiff's report of assault was "clearly unreasonable in light of the known circumstances," or the response follows an unjustified lengthy delay.  *Davis*, 526 U.S. at 648; *Matthews v. Nwankwo*, 36 F. Supp. 3d 718, 725 (N.D. Miss. 2014).  As set forth below, Plaintiff fails to allege facts sufficient to meet this high standard.

      a.    *Because Plaintiff's Title IX claim is based largely on OCR's findings, which is improper, his Title IX claim should be dismissed.*

In order to rectify the Court's prior conclusion that "the facts in the Complaint clearly indicate that SMU was trying to remedy the [alleged assault]" (Order at 6), Plaintiff adds copious, detailed references to, and even attaches a copy of, the Department of Education's Office for Civil Rights ("OCR") findings letter, and SMU's Voluntary Resolution Agreement with OCR.  Indeed, the majority of the "facts" added to the FAC are verbatim statements from the OCR letter and Voluntary Resolution Agreement.  FAC ¶¶ 3.15, 3.17, 3.18, 3.23-3.26, and 4.23.

However, Plaintiff cannot "save" his otherwise deficient claim by relying on OCR's findings, because alleged failure to comply with Title IX regulations and OCR guidelines "does not confer a private right of action."  *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744, 758 (E.D.

Tenn. 2009) (plaintiff could not state Title IX claim by alleging failure to comply with Title IX regulations); *Gebser*, 524 U.S. at 292 ("implied private right of action under Title IX" does not provide for "recovery in damages for violation of those sorts of administrative requirements"). As one court recently explained, "[a]lthough the OCR findings may permit the United States Department of Education to impose administrative penalties, there is no implied right of action under Title IX permitting private recovery for violations of these administrative requirements; thus, any such violations cannot support a claim for deliberate indifference." *S.D. ex rel. Davis v. Houston Cnty. Sch. Dist.*, No. 5:12-CV-228 MTT, 2013 WL 4505897, at *6 (M.D. Ga. Aug. 22, 2013).  Under the foregoing authority, Plaintiff's allegations of failure to comply with Title IX regulations do not support a claim for deliberate indifference, should not be considered, and the claim should be dismissed.

> b.  *Plaintiff's allegations establish SMU reasonably responded to the alleged assault.*

Stripping away the allegations based on OCR's findings, the FAC's allegations concerning SMU's response to Plaintiff's report of sexual assault are almost identical to those in the Original Complaint, and were recognized by the Court as sufficient to demonstrate SMU's response was clearly reasonable.  Order at 6.  Like the allegations in the Original Complaint, the FAC alleges that SMU police began investigating Plaintiff's report as soon as they received it. FAC ¶¶ 3.10, 3.11; Order at 5.  SMU police and Dr. Linda Eads worked with Plaintiff to issue a campus-wide crime alert the day after the alleged assault.  FAC ¶¶ 3.11, 3.12; Order at 5.  The day after the crime alert was issued, SMU police arranged a pretextual recorded phone call between Plaintiff and Mahaffey, leading to Mahaffey's arrest and eventual indictment.  FAC ¶ 3.19; Order at 5.  After this phone call, Plaintiff does not (and cannot) allege any further interaction between himself and Mahaffey.  Order at 5.  In dismissing the Original Complaint

based on these same allegations, the Court recognized SMU was not deliberately indifferent to Plaintiff's assault report, because these allegations clearly indicate that SMU was trying to remedy the situation.  Order at 6.

Plaintiff now complains that SMU failed to notify him of his Title IX rights, and that he felt SMU encouraged him not to use the criminal justice system.  FAC ¶ 3.15.  Even accepting these allegations as true, dismissal is warranted, because the new allegations only show Plaintiff's disagreement with SMU's response, not SMU's deliberate indifference.  Title IX does not require a "perfect solution," and Plaintiff does not "have a Title IX right to make particular remedial demands."  *Sanches*, 647 F.3d at 170; *Davis*, 526 U.S. at 648.  Even if SMU failed to inform Plaintiff of his Title IX rights, the failure to abide by any such administrative requirement cannot give rise to liability.  *Gebser*, 524 U.S. at 292; s*ee also, Sanches*, 647 F.3d at 170 (affirming summary judgment because failure to follow Title IX policy was not evidence of deliberate indifference); *Univ. of the S.*, 687 F. Supp. 2d at 758 (allegedly inadequate sexual assault policy does not provide private right of action under Title IX).

        c.      *The allegations establish SMU reasonably responded to the alleged ensuing harassment.*

Plaintiff's FAC adds allegations that he was subjected to "retaliatory" comments, gestures, and messages from other students at an unspecified time following the issuance of the crime alert.  FAC ¶ 3.17.  However, these additional allegations do not save the FAC from dismissal, because SMU was not deliberately indifferent to this conduct, and Plaintiff admits as much in his FAC.  According to Plaintiff's own allegations, when Plaintiff complained about this alleged conduct, SMU immediately responded by "agree[ing] to move him to another dorm."  FAC ¶ 3.18.  After Plaintiff then allegedly experienced hang-up phone calls and knocks on his

door and window, SMU advised him to call the police if he felt unsafe.  FAC ¶ 3.18.  Plaintiff does not allege that he called the police at any time thereafter, or that SMU failed to respond.

As previously recognized by this Court and others, SMU's response to Plaintiff's complaints was sufficient.  Order at 6; *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, No. 1:08-CV-1924 AWI SMS, 2009 WL 2982900, at *11 (E.D. Cal. Sept. 14, 2009) judgment entered, No. 1:08-CV-1924 AWI DLB, 2009 WL 5111789 (E.D. Cal. Dec. 18, 2009) (dismissing claim because removing student from classroom of harasser, at student's request, showed no deliberate indifference).  Indeed, in each instance, SMU promptly and reasonably responded to remedy the conduct about which Plaintiff complained.  Whether Plaintiff believes SMU's actions were perfect or flawless is irrelevant.  Order at 6.  Instead, Plaintiff must assert that SMU made an official decision not to remedy the alleged conduct, and he has not alleged any facts that remotely rise to this requisite standard.  To the contrary, Plaintiff's allegations establish, as a matter of law, that SMU's responses to Plaintiff's complaints were not "clearly unreasonable in light of the known circumstances."  *Sanches*, 647 F.3d at 167; *see also*, *Pemberton v. W. Feliciana Parish Sch. Bd.*, No. CIV.A. 09-30, 2012 WL 443860, at *3 (M.D. La. Feb. 10, 2012) ("plaintiff's subjective opinion does not amount to proof of deliberate indifference").

In sum, Plaintiff's new allegations do not save his Title IX claims because the FAC still contains no allegation that SMU tacitly approved of Mahaffey's or other students' alleged actions, or that it unjustifiably delayed remedial action.  Order at 6.  Instead, Plaintiff again concedes SMU responded to his complaints, but now alleges SMU should have done more. Plaintiff takes issue with SMU's response, but "neither negligence nor mere unreasonableness is enough" to establish deliberate indifference.  *Sanches*, 647 F.3d at 167; *Garcia v. Navasota Indep. Sch. Dist.*, No. CIV.A. H-09-3892, 2011 WL 335253, at *12 (S.D. Tex. Jan. 31, 2011)

(quoting *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998) ("[a]ctions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference.")).  Plaintiff's new allegations do not save his claim for deliberate indifference under Title IX, and the claim should be dismissed accordingly.

> 2.    <u>Plaintiff's Title IX claims should be dismissed because the FAC fails to allege that SMU's alleged indifference subjected Plaintiff to further harassment based on sex.</u>

Even if the Court finds that Plaintiff sufficiently alleged that SMU was deliberately indifferent to Plaintiff's complaints (which SMU has clearly demonstrated it was not), the FAC still fails to state a claim because such deliberate indifference did not subject Plaintiff to actionable sexual harassment.  *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1296 (11th Cir. 2007) ("Based on the *Davis* Court's language, we hold that a Title IX plaintiff at the motion to dismiss stage must allege that the Title IX recipient's deliberate indifference to the initial discrimination subjected the plaintiff to further discrimination.").  To be actionable, Plaintiff must allege SMU's deliberately indifferent response subjected him to further <u>sexual</u> harassment.  *Frazer v. Temple Univ.*, 25 F. Supp. 3d 598, 614 (E.D. Pa. 2014); *Moore v. Murray State Univ.*, No. 5:12-CV-00178, 2013 WL 960320, at *5 (W.D. Ky. Mar. 12, 2013).  It is not enough for the harassment to be "merely tinged with offensive sexual connotations." *Sanches*, 647 F.3d at 165.  In other words, Plaintiff must allege that the conduct about which Plaintiff complains occurred because of Plaintiff's sex.  *Davis*, 526 U.S. at 650; *see also*, *Butler v. Mountain View Sch. Dist.*, No. 3:12-CV-2038, 2013 WL 4520839, at *7 (M.D. Pa. Aug. 26, 2013) (dismissing Title IX claim because unsupported allegation of "bullying" does not allege gender-based harassment); *Hoffman v. Saginaw Pub. Sch.*, No. 12-10354, 2012 WL 2450805, at *9 (E.D. Mich. June 27, 2012); *Doe v. Round Valley Unified Sch. Dist.*, 873 F. Supp. 2d 1124 (D. Ariz. 2012).

In *Hoffman*, the plaintiff's Title IX claim was based on her allegations that her son was "bullied" over a number of years.  2012 WL 2450805 at *10.  More specifically, the plaintiff alleged her son was made "the target of jokes," was "verbally and physically abused," mocked for planning not to attend a school dance, and was called "a lesbian, gay, or a hermaphrodite." *Id*. at *11.  Additionally, another student made an "obscene gesture . . . indicat[ing] that [the plaintiff's son] had male genitalia his mouth," which led to a physical altercation between the other student and the plaintiff's son.  *Id*.  Even though this conduct "indisputably has sexual connotations," the court held the plaintiff failed to state a claim because she pled no facts suggesting the conduct was based on her son's sex, rather than based on personal animus.

Likewise, in *Round Valley*, the plaintiff had a sexual relationship with an older student, who was subsequently charged with the crime of sexual conduct with a minor.  873 F. Supp. 2d at 1128.  The plaintiff alleged she experienced harassment from the older student's friends because they held her responsible for his arrest.  *Id*. at 1137.  The plaintiff alleged the friends called her offensive names, taunted her, threatened physical violence, and sent her Facebook messages such as, "Me and my friends want to know how you feel about putting our friend [the older student] in prison for the rest of his life."  *Id*.  The court indicated these were not allegations of discrimination based on the plaintiff's gender, but rather "discrimination" based on the plaintiff's relationship with the older student.[2]  *Id*. at 1137-38.

Like the plaintiffs in *Hoffman* and *Round Valley*, Plaintiff alleges that SMU's deliberate indifference to his report of assault subjected him to harassment by students, but he does not allege that this harassment was based on his sex.  FAC ¶ 3.17.  In fact, instead of alleging the harassment was because of his sex, Plaintiff specifically draws a causal connection between the

---

[2] Ultimately, the court dismissed the claim because once the school became aware of the harassment, its response – offering the plaintiff an opportunity to enroll in an alternative school – was not clearly unreasonable and not deliberately indifferent.  *Round Valley Unified Sch. Dist.*, 873 F. Supp. 2d at 1138.

students' alleged conduct and Mahaffey's "status as a campus leader," which does not imply, much less allege, that the students' actions were based on Plaintiff's sex.  FAC ¶ 3.17.

Likewise, Plaintiff contends that SMU's deliberate indifference caused him to experience hang-up phone calls and knocks on his door and window.  FAC ¶ 3.18.  Again, Plaintiff does not allege this conduct is gender-based harassment.  Without such an allegation, or without identifying the person making the calls or knocking, the conduct's connection to this case is "nothing more than mere speculation," and cannot be a basis for his Title IX claim.  *Bernard v. E. Stroudsburg Univ.*, No. 3:09-CV-00525, 2014 WL 1454913, at *24 (M.D. Pa. Apr. 14, 2014) (granting summary judgment after finding anonymous phone call cannot constitute sexual harassment).

In sum, Plaintiff does not allege that the students' conduct from which he allegedly suffered was based on his sex.  As a result, Plaintiff cannot meet this element of his Title IX claim, and the claim should be dismissed.

3. Plaintiff's Title IX claims should be dismissed because the FAC fails to allege conduct that is severe, pervasive, and objectively offensive.

Even if the conduct about which Plaintiff complains is based on sex, which Plaintiff does not allege, staring, comments, anonymous hang-up phone calls and knocks on the door are not sufficiently "severe, pervasive, and objectively offensive."  *Davis*, 526 U.S. at 652.  In *Frazer*, the court recognized that the conduct the plaintiff experienced following her report of harassment – the harasser followed her, stood next to her, and stared at her – did not "amount to sexual harassment or harassment of any kind that is sufficiently severe, pervasive, and objectively offensive for liability to attach under *Davis*."  *Frazer*, 25 F. Supp. 3d at 614.  Undoubtedly, the conduct the plaintiff in *Frazer* experienced from the alleged harasser – conduct the court found not to be severe, pervasive or objectively offense – is worse than that allegedly experienced by

Plaintiff from third parties. *See Beard v. Yamane*, No. 3:14-CV-2828-N BF, 2015 WL 1525076, at *4 (N.D. Tex. Feb. 2, 2015) report and recommendation adopted as modified, No. 3:14-CV-2828-N BF, 2015 WL 1542182 (N.D. Tex. Apr. 6, 2015) (plaintiff failed to state Title VII[3] sexual harassment claim because allegations that supervisor made harassing remarks about her body, asked personal questions that made her feel uncomfortable, made harassing telephone call, called her names, and violated her personal work space, were insufficiently severe or pervasive). Accordingly, Plaintiff's after-the-fact Title IX claim should be dismissed, because he does not allege that SMU's deliberate indifference subjected him to sufficiently severe, pervasive, or objectively offensive sexual harassment.

## IV.    PLAINTIFF'S NEGLIGENCE CLAIM

Plaintiff must allege SMU owed him a legal duty to state a claim for negligence. *See Nabors Drilling, U.S.A. Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). As demonstrated in Section III(A)(1) above, there is no plausible allegation, that is not based solely on Plaintiff's information and belief, that SMU was aware Mahaffey presented a risk prior to the alleged assault of Plaintiff. Additionally, "[a]s a general rule, a person has no legal duty to control the conduct of another, even if he has the practical ability to exercise such control." *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). As this Court previously recognized, without knowledge of a potential risk to Plaintiff, there is no foreseeable risk, and consequently no duty owed by SMU to Plaintiff. Order at 7. Plaintiff's negligence claim should, therefore, be dismissed because the FAC does not plausibly allege SMU had knowledge of a potential risk – an essential element of Plaintiff's negligence claim.

---

[3] Courts often look to Title VII to provide guidance in evaluating Title IX claims. *See, e.g. Wolfe v. Fayetteville, Ark. Sch. Dist.*, 648 F.3d 860, 877 at fn 4.

## V.    CONCLUSION

Once again, Plaintiff has not alleged that SMU had actual knowledge of an alleged prior assault such that his Title IX and negligence claims can survive a motion to dismiss.  As a matter of law, the facts Plaintiff alleges cannot meet the extremely high deliberate indifference standard, and they do not provide a basis for imposing a legal duty on SMU for the purposes of a negligence claim.  In addition, the FAC fails to set forth any facts alleging that the after-the-fact harassment to which he was allegedly subjected was based on his sex, or sufficiently severe, pervasive, or objectively offensive.  As such, Plaintiff's Title IX and negligence claims should be dismissed.  Because the Court previously allowed Plaintiff an opportunity to correct the same deficiencies, it should dismiss Plaintiff's claims in his FAC with prejudice.  *Young v. City of Houston*, 599 F. App'x 553, 555-56 (5th Cir. 2015) (finding trial court did not err in dismissing complaint with prejudice after affording plaintiff opportunity to amend); *Schroeder v. Wildenthal*, Civil Action No. 3:11-CV-0525-B, 2011 WL 6029727, at *7 (N.D. Tex. Nov. 30, 2011) (holding dismissal of plaintiff's lawsuit with prejudice was appropriate because court already provided plaintiff opportunity to amend).

Respectfully submitted,


/s/    *Kimberly F. Williams*
John H. McElhaney
  Texas Bar No. 13581000
  jhmcel@lockelord.com
Kimberly F. Williams
  Texas Bar No. 24050592
  kwilliams@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR SOUTHERN
METHODIST UNIVERSITY**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via CM/ECF* pursuant to the Federal Rules of Civil Procedure on this 26th day of May 2015:

    Michael G. Guajardo
    J. Gregory Marks
    Guajardo & Marks, LLP
    One Galleria Tower
    13355 Noel Road, Suite 1370
    Dallas, Texas 75240


/s/    *Kimberly F. Williams*
KIMBERLY F. WILLIAMS